IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Deanna Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 50061 |
| | ) | |
| vs. | ) | |
| | ) | |
| First Student, Inc., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [15] to dismiss Count I of the complaint is granted.

## STATEMENT

Plaintiff, Deanna S. Johnson, a citizen of Illinois, brings this action against defendant, First Student, Inc., a Delaware corporation, with its principal place of business in Ohio. The amount in controversy exceeds $75,000. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (a)(1). Count I of the complaint alleges direct negligence by the defendant and Count II alleges defendant is vicariously liable for the negligence of its employee, Brian Vandevelde ("Brian"). Defendant was the owner of a school bus driven by Brian that collided in Illinois with a vehicle driven by plaintiff. Defendant moves [15] to dismiss Count I for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Count I alleges defendant was negligent in that it inadequately trained its drivers; or inadequately supervised its drivers; or assigned unqualified people to train and supervise its drivers; or did not properly evaluate Brian's on-the-job performance as a school bus driver. In Count II, plaintiff alleges Brian was negligent in that he did not keep a safe and proper lookout; or failed to yield to oncoming traffic; or entered an intersection when it was not safe; or left a stop sign when it was not safe; or drove too fast for conditions; or did not apply the brakes in a timely manner.

Defendant admits Brian was its employee, that he was driving the bus in the scope of his employment at the time of the collision, and, therefore, under respondeat superior, it is liable for any negligence on Brian's part in causing the collision and plaintiff's injuries. Defendant argues that, because it has admitted its responsibility for Brian's conduct under a respondeat superior theory, it cannot be held liable under Illinois law on the direct negligence theories advanced by plaintiff.

This court has previously found in a vehicle collision case that, under Illinois law, claims of failure to train and supervise an employee must be dismissed as duplicative and unnecessary once the employer admits that any negligence on the part of its employee can be imputed to the employer under a respondeat superior theory.  C.R. England. Inc. v. Abdi, No, 17 cv 50152, Dkt. # 39 (Aug. 28, 2017); see also, Meyer v. A & A Logistics, Inc., No. 13 cv 0225, 2014 WL 3687313, *3-4 (N.D. Ill. July 24, 2014) (dismissing negligent training and supervision claims under Illinois law where employer admitted employee's negligence was imputable to employer under respondeat superior theory).  The rationale for this finding is that an employer's liability under these theories "because it is predicated initially on, and therefore is entirely derivative of, the negligence of the employee, cannot exceed the liability of the employee." Gant v. L.U. Transport, Inc., 770 N.E.2d 1155, 1159 (Ill. App. 2002).  To allow a case to proceed on these derivative theories, once the employer has admitted its liability under a respondeat superior theory, "would allow a jury to assess or apportion a principal's liability twice.  The fault of one party cannot be assessed twice, regardless of the adoption of comparative negligence." Id., at 1160.

Plaintiff argues Nat'l R.R. Passenger Corp. v. Terracon Consultants, Inc., 13 N.E.3d 834 (Ill. App. 2014) requires a different result but it is distinguishable because there respondeat superior had not been conceded.  The court in Terracon, stated: "Terracon has not conceded responsibility under a theory of respondeat superior, and indeed we have held that Terracon has no liability under the theory of respondeat superior.  Thus, the negligent-training claim is not duplicative and unnecessary, and allowing it to stand will create no danger of a judge or jury assessing or apportioning Terracon's alleged liability twice." Terracon, 13 N.E.3d at 840. Terracon, in fact, distinguished Gant, precisely because the Gant employer had conceded responsibility under a respondeat superior theory.  Terracon stated "what the Gant court recognized was that when an employer has conceded responsibility, under the theory of respondeat superior, for an employee's negligence, the employer cannot also be held responsible under a separate theory of negligent entrustment, because under those circumstances, the cause of action for negligent entrustment is duplicative and unnecessary and allowing it to stand would allow the trier of fact to assess or apportion a principal's liability twice." Id. (quotation marks and citation omitted).  Here, respondeat superior responsibility is conceded leaving the danger of double assessment or apportionment of defendant's liability alive if the alternative theories of defendant's liability are allowed to remain.

Plaintiff also cites Roppo v. Travelers Companies, 100 F. Supp.3d 636 (N.D. Ill. 2015). It likewise is distinguishable because it does not involve an employer conceding responsibility under a theory of respondeat superior.

Plaintiff argues Gant is not instructive in this matter because it is a negligent hiring and retention case not a negligent training and supervision case.  But this court in C.R. England. Inc. v. Abdi and the court in Meyer v. A & A Logistics, Inc (both noted above), have applied the Gant reasoning to negligent training and supervision cases.  There is no meaningful distinction among these types of claims when it comes to the reason to bar them from proceeding where the employer has conceded responsibility under a theory of respondeat superior.

2

In its brief, plaintiff argues defendant is responsible for enforcing the Federal Motor Carrier Safety Regulations applicable to bus driver training and supervision and that violation of such regulations can be considered by a jury in assessing negligence. However, this is simply an alternative basis for establishing negligent training and supervision. It does not change the rationale for precluding those claims from proceeding where the employer has conceded responsibility under a theory of respondeat superior.

For the foregoing reasons, defendant's motion [15] to dismiss Count I of the complaint is granted.

Date: 10/16/2018        ENTER:

_Philip G. Reinhard_
United States District Court Judge

Electronic Notices.